## TRIAL BEFORE A MAGISTRATE WITHOUT A JURY.

### Court of Insolvency of Hamilton County.

### IN RE ISADORE ZACHAROW.

### Decided, June 20, 1912.

*Criminal Law—Trial Before a Police Court or Magistrate—Jurisdiction to Try Without Jury Depends on Waiver in Writing—Section 13511.*

Under the law of Ohio a magistrate or police judge is without jurisdiction to try, without a jury, one charged with an offense for which imprisonment can be imposed, unless a jury has been waived in writing.

*Gusweiler & Klein* and *Jas. J. McCartin,* for applicant.
*Bernard C. Fox,* contra.

WARNER, J.

The applicant was charged with a misdemeanor under Section 13031, General Code, and was tried in the police court of Cincinnati and sentenced to the work house.  It is admitted that a jury was not had in the case, and that there was no waiver of a jury in writing.  It is claimed on behalf of the applicant that under these facts the police court had no jurisdiction to impose any sentence upon him.

The jurisdiction of the police court in misdemeanors under the laws of the state is the same as that conferred upon justices of the peace.  Section 4577, General Code.

Where a person is charged with some misdemeanor under a statute of the state and is taken before a magistrate, Section 13511, General Code, provides that if "the accused in a writing subscribed by him and filed before or during the examination, waive a jury and submit to be tried by the magistrate, he may render final judgment."

It is clear under the law of this state that where imprisonment may be imposed as a part of the penalty upon a person found guilty of some offense, that a jury trial must be had unless duly waived according to law.  In the case at bar the police judge was the magistrate before whom the applicant was brought.  A jury was not waived in writing according to the plain provisions of said Section 13511, which alone could give said magistrate power and authority to impose the sentence given.  He was entirely and absolutely without jurisdiction to pass judgment in the case.

It appears that after the writ in this case had been sued out, and the applicant released on bond to appear herein, he prosecuted proceedings in error to said police court in the common pleas court of this county.

This does not affect the status of the case at bar, nor deprive the applicant of a hearing upon the merits of this writ as the facts existed when the writ was sued out.

Writ allowed.